The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

**Kent R. FLOY, Respondent.**

No. 69188.

Supreme Court of Iowa.

June 15, 1983.

Rehearing Denied July 14, 1983.

John R. Hearn, Des Moines, for appellant.

Frank A. Comito and Hedo M. Zacherle, Des Moines, for appellee.

HARRIS, Justice.

Respondent, an attorney, appeals from the findings, conclusions, and recommendations of the grievance commission in this disciplinary proceeding. On the basis of two obscene phone calls he made, the commission recommended Floy's license to practice law be suspended for at least 18 months. Floy does not dispute that he was involved but believes the evidence is not sufficient to support the disciplinary action and argues the proposed suspension is excessive.

Because they had been receiving obscene phone calls at their residence, two young women arranged with the Des Moines police and the phone company to trace and record future calls. On September 13, 1981, respondent made two such calls which were recorded and traced to him. He subsequently entered a guilty plea to a charge of violating a city ordinance prohibiting telephone harassment. The violation was a simple misdemeanor. He was given a suspended 30 day jail sentence and placed on probation under an agreement to continue psychological treatment.

We choose not to quote here the remarks to which the young ladies were subjected during the calls. Suffice it to say that, whatever their psychological explanation, the "hard core" utterances here were outrageous and shocking. Floy did not know the women to whom the phone calls were made. The grievance commission found, and we agree, that respondent's conduct violated a number of professional canons, including DR 1–102(A)(3) and (6).

Respondent was 25 years old at the time of the proceedings before the commission. After admission to practice in 1981 he be-

came associated with a respected and prominent law firm. His work with that firm was described as exemplary. He has no juvenile or criminal record. As a result of the telephone incident he resigned from the firm and has not practiced law since.

Floy undertook the required psychological treatment and believes he has benefited from it. The psychologist testified that the telephone incident was an isolated occurrence. Respondent agreed and stated such an incident would not occur again. He takes the position that the incident in no way affected his professional ability. He hopes to pursue his legal career, probably outside Iowa.

The commission recommended suspension of respondent's license. A majority believed that the suspension should last for 18 months. Two members dissented in recognition of the fact respondent has not practiced law since October of 1981. The two dissenting commissioners thought the suspension should extend for but one year. We agree with the majority recommendation.

It is therefore ordered that respondent's license to practice law be suspended indefinitely without reinstatement for a period of at least 18 months and until this court has approved the respondent's written application for reinstatement. This suspension shall apply to all facets of the practice of law. See Iowa Court Rule 118.12. Respondent's application for reinstatement, if any, shall be in accordance with Court Rule 118.13.

LICENSE SUSPENDED.